UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVELERS INDEMNITY COMPANY
OF AMERICA, as subrogee of
ATD Development Corporation,

        Plaintiff,

v.                                Case Number: 13-12297
                                     Honorable Victoria A. Roberts

SAMSUNG ELECTRONICS AMERICA,
INC.,

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND
COMPLAINT (DOC. # 12) and RESERVING RULING ON
DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT (DOC. # 16)**

**I.    INTRODUCTION**

      Travelers Indemnity Company of America ("Plaintiff") brought this products

liability action against Samsung Electronics America, Inc. ("Defendant") to recover the

amount paid to one of its policyholders for a fire loss allegedly caused by a refrigerator.

After the action was filed and the statute of limitations had run, Defendant – a subsidiary

of Samsung Electronics Company, Ltd. ("Samsung Group") – notified Plaintiff that it did

not manufacture or distribute the refrigerator that allegedly caused the fire; Defendant

informed Plaintiff that SuZhou Samsung Electronics Co., Ltd. ("SuZhou") – a different

subsidiary of Samsung Group – manufactured the refrigerator.

      There are two motions before the Court: (1) Plaintiff's Motion to Amend

Complaint (Doc. # 12); and (2) Defendant's Renewed Motion for Summary Judgment

(Doc. # 16).  Both motions are fully briefed; the Court waives oral argument under L.R.

7.1(e)(2).

Plaintiff seeks leave of Court to amend its complaint to add SuZhou as a defendant.  Plaintiff argues that the amendment should relate back to the filing of the initial complaint or the statute of limitations should be tolled to allow a timely amendment.  Defendant opposes the amendment, its relation back, and the tolling of the statute of limitations.

Defendant says it is entitled to summary judgment because there is no genuine dispute as to any material fact that: (1) SuZhou manufactured the refrigerator; and (2) Defendant did not design, manufacture, distribute, or ever possess the refrigerator.

Plaintiff's Motion to Amend Complaint is **GRANTED**; Plaintiff may file an amended complaint replacing Defendant with SuZhou; to relate back to the filing of the initial complaint, Plaintiff must file the amended complaint no later than **April 4, 2014**.

The Court **RESERVES RULING** on Defendant's Renewed Motion for Summary Judgment until after April 4, 2014.

## II.    BACKGROUND

This action arises from a fire that occurred at a property owned by ATD Development Company ("ATD") on July 21, 2010.  Plaintiff alleges that a General Electric ("GE") refrigerator, Model SFR03BAPAWW–Serial No. LG303103 (the "Refrigerator"), that was on ATD's premises caused the fire.  For these motions, the Court accepts as true that the Refrigerator caused the fire.

As a result of the fire damage, Plaintiff – ATD's insurer – paid out approximately $158,000.  After doing so, Plaintiff sought to recover from the manufacturer of the

Refrigerator; it assigned Michael Balke ("Balke"), one of its technical specialists, to handle the claim.

In August 2010, Balke sent GE's insurer, Electric Insurance, a letter notifying it of the claim.  Electric Insurance informed Balke that its records showed that Defendant manufactured the Refrigerator; because of that, Electric Insurance tendered the claim to Defendant.  In September 2012, Jeong Hwan On – Defendant's director of customer satisfaction – received notice of Plaintiff's claim from Electric Insurance; the claim notice included the model and serial numbers of the Refrigerator.

On September 20, 2010, Defendant's attorney, Thomas DeMicco ("DeMicco"), sent Balke an email stating that "[his] firm represents the interests of 'Samsung' with respect to the above referenced loss."  (*Internal quotation marks added*).  On September 22, Balke received telephone calls from DeMicco and Keith Parry of Chubb Insurance, Defendant's insurer, to discuss Plaintiff's claim.  Over the next several months, Balke corresponded with DeMicco and Parry regarding the claim.  In all correspondence between Plaintiff and Defendant that occurred before the action was filed, the parties referred to the alleged liable party as "Samsung"; neither party ever specified whether "Samsung" meant Defendant, SuZhou, or some other entity named Samsung.

In October 2010, Mr. On sent Samsung Group – Defendant's parent company – the model and serial number of the Refrigerator to ascertain its manufacturer; Samsung Group notified Mr. On that SuZhou manufactured the Refrigerator.  Thereafter, Mr. On informed DeMicco, Chubb Insurance, and Samsung Fire & Marine Insurance Company that SuZhou manufactured the Refrigerator; Plaintiff was not informed that SuZhou was

3

the manufacturer.

On March 7, 2011, after Plaintiff's expert conducted an examination of the Refrigerator, Balke sent Chubb Insurance a demand letter asserting that Defendant was liable for manufacturing a defective product.  On April 11, 2011, DeMicco responded to the demand letter, claiming that the evidence indicated that the Refrigerator was not the cause of the fire.  After receiving this response, Balke referred the matter to Plaintiff's counsel, who continued to correspond with DeMicco regarding the claim.

On May 23, 2013, after attempts to resolve the claim failed, Plaintiff filed this action, alleging four causes of action: (1) Strict Liability; (2) Duty to Warn; (3) Breach of Implied Warranty of Merchantability; and (4) Violation of the Michigan Product Liability Act, M.C.L. § 600.2945, et seq.  In its answer, dated June 21, 2013, Defendant said that "[it] is not a manufacturer and did not manufacture the [Refrigerator]."  The statute of limitations expired on July 20, 2013.

In a face-to-face meeting on August 9, 2013, Defendant's counsel told Plaintiff's counsel that Defendant did not manufacture the Refrigerator.  On August 23, 2013, Defendant sent Plaintiff a letter requesting a stipulation of dismissal based on the fact that it was not involved in the Refrigerator's chain of distribution.  Attached to the letter was the affidavit of Mr. On, in which he declares that: (1) SuZhou, not Defendant, manufactured the Refrigerator; (2) Defendant "does not manufacture and/or design products"; (3) Defendant "is a purchaser and distributor only of 'Samsung' branded products"; and (4) the Refrigerator "was not designed, manufactured or distributed or ever even in possession of Defendant."  Plaintiff did not stipulate to dismissal.

On September 13, 2013, Defendant filed a motion for summary judgment based

4

on the fact that it did not design, manufacture, distribute, or ever possess the Refrigerator.  On September 19, 2013, the Court entered an Order deeming the motion withdrawn and requiring Defendant to give notice under Rule 11 and wait 21 days before refiling.  It also ordered Plaintiff to investigate whether Defendant: (1) manufactures or designs products; and/or (2) distributes GE's products.

On October 11, 2013, Plaintiff filed its Motion to Amend Complaint.

On November 1, 2013, Defendant filed a Renewed Motion for Summary Judgment.

### III.    ANALYSIS

#### A.    Plaintiff's Motion to Amend Complaint

Plaintiff seeks leave of Court to add SuZhou as a defendant.

Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend a pleading] when justice so requires."  *Ohio Police & Fire Pension Fund v. Standard and Poor's Fin. Services, LLC*, 700 F.3d 829, 844 (6th Cir. 2012).  "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'"  *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citation omitted).  "The decision as to whether justice requires the amendment is committed to the district court's sound discretion."  *Id.*

Because the proposed amendment would occur outside the applicable statute of limitations, Plaintiff must show that it relates back to the initial complaint or that the statute of limitations should be tolled; otherwise, the amendment would be futile.

Plaintiff says its amendment should relate back under Rule 15(c)(1)(C).  Under Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original

5

pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Fed. R. Civ. P. 15(c)(1). The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference ... for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).

For Plaintiff's amendment to relate back under Rule 15(c)(1)(C), the following must be true: (1) the claims against SuZhou arose out of the same occurrence as the original complaint; (2) SuZhou received notice of the claims within 120 days after the filing of the original complaint, such that it would not be prejudiced in defending the action; and (3) within 120 days after the filing of the complaint, SuZhou knew or should have known that the action would have been brought against it, but for Plaintiff mistakenly believing Defendant was the manufacturer of the Refrigerator. *See Black-Hosang v. Ohio Dep't of Pub. Safety*, 96 Fed. Appx. 372, 374-75 (6th Cir. 2004).

The first requirement is clearly met; the claims against SuZhou arose out of the

same occurrence as set out in the original complaint.  The parties dispute whether the second and third requirements are satisfied; Defendant says the amendment should not relate back for multiple reasons.

First, Defendant says the amendment does not relate back because Plaintiff did not make a "mistake" concerning the proper "identity" of the defendant, as contemplated by Rule 15.

As explained by the Supreme Court, "[a] mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'"  *Krupski*, 560 U.S. at 548 (citations omitted).  Plaintiff's conduct in naming Defendant, rather than SuZhou, as the defendant was an "error" clearly within the meaning of "mistake" as contemplated by Rule 15 and as construed by the *Krupski* Court.  *See id.* at 548-50.

Moreover, Plaintiff's erroneous belief that Defendant manufactured the Refrigerator was reasonably foreseeable by Defendant and Suzhou based on the complicated structure of Samsung Group and its subsidiaries; indeed, similar to *Krupski*, Defendant and SuZhou's interrelationship through Samsung Group and the similarity of their names "heighten the expectation that [SuZhou] should suspect a mistake has been made when [Defendant] is named in a complaint" alleging manufacturing defects.  *See. id.* at 554-56.   That expectation is further heightened based on the fact that the Refrigerator bore the GE brand name; even Mr. On – a 21-year employee of Defendant who has served as the director of customer satisfaction for the past seven years – had to contact Samsung Group to ascertain the manufacturer of the Refrigerator.  This is an example of a mistake that falls squarely within the scope of Rule 15; moreover, allowing the amendment advances the preference of Rule 15 to resolve disputes on their merits.

7

*See Krupski*, 560 U.S. at 548-50, 554-56; *Moore*, 790 F.2d at 559.

Next, Defendant says the amendment should not relate back because its relationship with SuZhou is too attenuated to establish that SuZhou had notice of the claim as required under Rule 15(c).

"The notice required by Rule 15(c) can be either actual or constructive." *Beverly v. MEVA Formwork Systems, Inc.*, 500 Fed. Appx. 391, 394 (6th Cir. 2012) (citations omitted). The Court should consider the following factors "in determining whether a newly-named defendant had constructive notice of a lawsuit: 'the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant.'" *Id.* (citations omitted).

Plaintiff says SuZhou had notice of the suit because DeMicco represented both it and Defendant during the pre-suit period; Defendant does not explicitly admit or deny that DeMicco represents SuZhou. However, in an affidavit, DeMicco states that: (1) he has known for years that Defendant is not a manufacturer; (2) the initial contact he received in this case was the March 7, 2011 demand letter, which stated that "Liability has been determined against Samsung for ***manufacturing*** a defective product"; (3) "it was clear that the thrust of the claim being made was with respect to a ***manufacturing*** defect ..., [so] if suit were to be started, it would be against the ***manufacturer*** of the [Refrigerator]"; (4) prior to this action being filed, he never referred to Defendant when corresponding with Plaintiff's counsel; and (5) "[t]he receipt of suit papers was plaintiff's counsel first indication that [Defendant] would be named as Defendant." (*See* DeMicco

Affidavit, at ¶¶ 4, 6, 8, and 9) (emphasis added).  Additionally, in its brief, Defendant

says "DeMicco presumed that the abbreviated name of 'Samsung' referred to SuZhou."

Based on those admissions, it is clear that DeMicco was representing the rights

of SuZhou through the negotiation process with Plaintiff from 2010 to 2013.  Otherwise,

it would not have made sense for him to negotiate with Plaintiff for more than two years

– all the time "presum[ing] that the abbreviated name of 'Samsung' referred to SuZhou"

– without informing Plaintiff that Defendant is not a manufacturer, especially where "it

was clear that ... the claim [concerned] a manufacturing defect."  Additionally, if he did

not represent SuZhou, it would have been a violation of legal ethics to ostensibly hold

himself out as representing SuZhou – which is what he would have been doing,

considering he presumed Plaintiff was referring to SuZhou and he knew Plaintiff's claim

was against the manufacturer of the Refrigerator, SuZhou.  These facts convince the

Court that SuZhou had notice of the action, as required by Rule 15(c).  *See Beverly*,

500 Fed. Appx. at 394; *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) ("notice

may be imputed to the new party through shared counsel").

Moreover, SuZhou and Defendant are sister companies – both a subsidiary of

Samsung Group.  In his deposition, Mr. On said that determining who manufactured the

Refrigerator required him to contact Samsung Group; and, Samsung Group informed

him that SuZhou was the manufacturer.  Based on all of these circumstances, the Court

finds that SuZhou had the requisite notice under Rule 15(c). *See See Krupski*, 560 U.S.

538; *Beverly*, 500 Fed. Appx. at 394.

Third, Defendants say Plaintiff's amendment does not relate back under Rule

15(c)(1)(C), because the Sixth Circuit does not allow an amendment which seeks to

9

add, rather than substitute, a defendant to relate back.  *See Smith v. City of Akron*, 476

Fed. Appx. 67, 69 (6th Cir. 2012) (finding that an amendment did not relate back where

plaintiff originally named certain defendants as "John and Jane Does" because "Rule

[15] allows relation back for the mistaken identification of defendants, not for defendants

to be named later through 'John Doe,' 'Unknown Defendants' or other missing

appellations").  That line of cases is inapposite.  Plaintiff did not name some variation of

"Unknown Defendants"; rather, its mistake falls squarely within what Rule 15 allows, the

"mistaken identification of defendants."  *Id.*  Moreover, although Plaintiff asks the Court

to allow it to add SuZhou as defendant and conduct discovery to determine the true

manufacturer of the Refrigerator, Plaintiff does not seek to add an additional defendant

permanently; rather, Plaintiff ultimately wants the sole defendant to be the manufacturer

of the Refrigerator.  This is within the bounds of Rule 15.  *See Krupski*, 560 U.S. 538.

Plaintiff's Motion to Amend Complaint is **GRANTED**.  Justice requires that

Plaintiff be allowed to amend the complaint.  Because Plaintiff satisfies the requirements

of Rule 15(c), its amendment relates back to the filing of the initial complaint; however,

for the amendment to relate back, Plaintiff must file the amended complaint no later

than April 4, 2014.  Additionally, because there is no dispute that SuZhou manufactured

the Refrigerator, Plaintiff may only amend the complaint by replacing Defendant with

SuZhou; Plaintiff may not allege additional substantive claims.

### B.    Defendant's Renewed Motion for Summary Judgment

The undisputed evidence shows that SuZhou, not Defendant, manufactured the

Refrigerator; thus, Defendant is entitled to summary judgment.  However, the Court's

disposition of Plaintiff's Motion to Amend Complaint will likely render Defendant's Motion moot.  If Plaintiff files an amended complaint by April 4, 2014, the sole defendant will be SuZhou; because Defendant will no longer be a party, its Motion will be moot. Therefore, the Court **RESERVES RULING** on Defendant's Renewed Motion for Summary Judgment until after April 4, 2014.

## IV.    CONCLUSION

Plaintiff's Motion to Amend Complaint is **GRANTED**; Plaintiff may file an amended complaint replacing Defendant with SuZhou; to relate back to the filing of the initial complaint, Plaintiff must file the amended complaint no later than **April 4, 2014**.

The Court **RESERVES RULING** on Defendant's Renewed Motion for Summary Judgment until after April 4, 2014.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 14, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 14, 2014.

s/Linda Vertriest
Deputy Clerk

11