UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVELERS INDEMNITY COMPANY
OF AMERICA, as subrogee of
ATD Development Corporation,

        Plaintiff,

v.                                   Case Number: 13-12297
                                   Honorable Victoria A. Roberts

SUZHOU SAMSUNG ELECTRONICS
COMPANY, LTD.,

        Defendant.

_____/

**ORDER DENYING SAMSUNG AMERICA'S MOTION
FOR RECONSIDERATION (DOC. 26) AND DEEMING MOOT
<u>ITS RENEWED MOTION FOR SUMMARY JUDGMENT (DOC. # 16)</u>**

**I.    INTRODUCTION**

On October 11, 2013, Plaintiff filed a motion to amend its complaint to add

SuZhou Samsung Electronics Company, Ltd. ("SuZhou") as a defendant.  (Doc. # 12).

On November 1, 2013, Samsung Electronics America, Inc. ("SEA") filed a Renewed

Motion for Summary Judgment.  (Doc. # 16).

On March 14, 2014, the Court entered an Order granting Plaintiff's motion to

amend; the Court reserved ruling on SEA's summary judgment motion until after April 4,

2014 – the deadline for Plaintiff to file an amended complaint.  (Doc. # 23).  On March

27, 2014, Plaintiff filed an amended complaint naming only SuZhou as a defendant.

(Doc. # 24).

On March 28, 2014, SEA filed a Motion for Reconsideration of the Court's March

14, 2014 Order (Doc. # 26).  This motion is before the Court.  Additionally, because

Plaintiff already filed its amended complaint, the Court need not wait to decide SEA's

Renewed Motion for Summary Judgment; this motion is also before the Court.

SEA's Motion for Reconsideration is **DENIED**; its Renewed Motion for Summary

Judgment is **MOOT**.

**II.    DISCUSSION**

Local Rule 7.1(h)(3) provides the standard of review for motions for

reconsideration:

> Generally, and without restricting the court's discretion, the
> court will not grant motions for ... reconsideration that merely
> present the same issues ruled upon by the court, either
> expressly or by reasonable implication.  The movant must
> not only demonstrate a palpable defect by which the court
> and the parties and other persons entitled to be heard on the
> motion have been misled but also show that correcting the
> defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear,

unmistakable, manifest or plain."  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d

731, 734 (E.D. Mich. 2002).  "It is an exception to the norm for the Court to grant a

motion for reconsideration."  *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780

(E.D. Mich. 2010).  "[A]bsent a significant error that changes the outcome of a ruling on

a motion, the Court will not provide a party with an opportunity to relitigate issues

already decided."  *Id.*

SEA says the Court made a palpable defect by relying on an "erroneous finding

that [SEA] failed to notify Plaintiff until after 'the statute of limitations had run' that it was

not the product manufacturer."

Contrary to SEA's assertion, the Court did not rely on an erroneous finding; the

2

Court was fully aware of the sequence of events and correctly recited them:

> On May 23, 2013, after attempts to resolve the claim failed, Plaintiff filed this action....In its answer, dated June 21, 2013, [SEA] said that "[it] is not a manufacturer and did not manufacture the [Refrigerator]." The statute of limitations expired on July 20, 2013.
>
> In a face-to-face meeting on August 9, 2013, [SEA's] counsel told Plaintiff's counsel that [SEA] did not manufacture the Refrigerator. On August 23, 2013, [SEA] sent Plaintiff a letter requesting a stipulation of dismissal based on the fact that it was not involved in the Refrigerator's chain of distribution. Attached to the letter was the affidavit of Mr. On, in which he declares that: (1) SuZhou, not [SEA], manufactured the Refrigerator....

The Court was not misled by a palpable defect regarding SEA's answer and affirmative defenses.

Moreover, the Supreme Court has made clear that the Court does not look to the knowledge or conduct of a plaintiff in determining whether an amendment relates back. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548, 553-54 (2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period not what the *plaintiff* knew or should have known at the time of filing [its] original complaint"; and, "To the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a 'mistake concerning the proper party's identity,' a court may consider the conduct....The plaintiff's postfiling conduct is otherwise immaterial to the question whether an amended complaint relates back.").

SEA does not demonstrate a palpable defect that, if fixed, would result in a different disposition of Plaintiff's motion to amend; its Motion for Reconsideration fails.

Plaintiff's amended complaint names SuZhou as the only defendant; the claims

against SEA have been dismissed.  Because SEA is no longer a defendant, the Court

need not decide its Renewed Motion for Summary Judgment.

**III.**     **CONCLUSION**

SEA's Motion for Reconsideration is **DENIED**; its Renewed Motion for Summary

Judgment is **MOOT**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 31, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2014.

s/Linda Vertriest
Deputy Clerk

4